UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-mj-102 (KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING THE UNITED STATES' EMERGENCY MOTION** |
| ALBA HAYDEE ALATORRE, EDGAR MANUEL SIERRA-SERRANO, and DORIAN JOSSIER CASTILLO, | |
| Defendants. | |

Erica H. MacDonald, United States Attorney, and Ruth S. Shnider and Amber M. Brennan, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Aaron J. Morrison, **WOLD MORRISON LAW**, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for defendant Alba Haydee Alatorre.

Keala C. Ede, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant Edgar Manuel Sierra-Serrano.

Daniel C. Guerrero, **MESHBESHER & SPENCE, LTD.**, 1616 Park Avenue South, Minneapolis, MN 55404, for defendant Dorian Jossier Castillo.

On February 21, 2019, U.S. Magistrate Judge Katherine M. Menendez signed a complaint charging Alba Haydee Alatorre, Edgar Manuel Sierra-Serrano, and Dorian Jossier Castillo (collectively "Defendants") with possession with intent to distribute 500

grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S. C. §§ 841(a)(1), 841(b)(1)(A). (*See* Compl. at 1, Feb. 21, 2019, Docket No. 1.)

Defendants were arrested, and on February 25, 2019, Magistrate Judge Steven E. Rau held a preliminary hearing. (*See* Minute Entries, Feb. 25, 2019, Docket Nos. 11-13.) The United States made an oral motion to amend the Complaint to charge conspiracy rather than possession. (*See id.*; USA Emergency Mot. at 4, Feb. 26, 2019, Docket No. 14.) Magistrate Judge Rau granted the United States' motion to amend the Complaint but found no probable cause. (*See* Minute Entries.) As such, he dismissed the Complaint and discharged Defendants. (*See id*.)

The United States now brings an emergency motion to appeal Magistrate Judge Rau's decision. (USA Emergency Mot.) Defendants object on the grounds that the Court does not have the authority to hear an appeal of a magistrate judge's dismissal and discharge under Federal Rule of Criminal Procedure ("Criminal Rule") 5.1(f). (Def. Sierra-Serrano Opp., Feb. 27, 2019, Docket No. 15; *see* Def. Alatorre Opp., Feb. 27, 2019, Docket No. 20; Def. Castillo Opp., Feb. 27, 2019, Docket No. 21.)

Because the Court can find no basis for its authority to consider such an appeal, the Court will deny the United States' emergency motion.

# DISCUSSION

## I. PRELIMINARY HEARINGS

The preliminary hearing at issue in this case is provided for by Criminal Rule 5.1, which states that a defendant charged with an offense other than a petty offense is entitled to a preliminary hearing before a magistrate judge unless:

> (1) the defendant waives the hearing;
> (2) the defendant is indicted;
> (3) the government files an information under Rule 7(b) charging the defendant with a felony;
> (4) the government files an information charging the defendant with a misdemeanor; or
> (5) the defendant is charged with a misdemeanor and consents to trial before a magistrate judge.

Fed. R. Crim. P. 5.1(a). At this preliminary hearing, the magistrate judge must determine whether there is probable cause to believe that the defendant committed an offense. Fed. R. Crim. P. 5.1(e). If the magistrate judge finds probable cause, he must bind over the defendant, meaning that the magistrate judge "must promptly require the defendant to appear for further proceedings." *Id.*

Magistrate Judge Rau dismissed the complaint and discharged Defendants pursuant to Criminal Rule 5.1(f), which states that if a magistrate judge finds no probable cause, the magistrate judge "must dismiss the complaint and discharge the defendant." Fed. R. Crim. P. 5.1(f). Neither Criminal Rule 5.1(e) nor 5.1(f) provide for any review of the magistrate judge's decision by a district court judge. However, Criminal Rule 5.1(f) notes that "[a] discharge does not preclude the government from later prosecuting the defendant for the same offense." *Id.*

## II. STATUTORY AUTHORITY

The United States contends that Local Rule 72.2, the local counterpart to Federal Rule of Civil Procedure 72 ("Civil Rule 72"), gives this Court the authority to review both orders and reports and recommendations issued by magistrate judges. The United States argues that Magistrate Judge Rau's decision "appears more akin to a dispositive ruling subject to de novo review," but argues that it should be reversed under either de novo or clear error review. (USA Emergency Mot. at 6-7.)

However, Defendants correctly note that discharge orders under Criminal Rule 5.1(f) are not equivalent to proposed findings and recommendations – or other orders – under Civil Rule 72 or Local Rule 72.2. These rules are based on 28 U.S.C. § 636(b)(1), which states:

> Notwithstanding any provision of law to the contrary—
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals

> convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

These subsections explicitly contemplate district court authority to review magistrate judge orders issued pursuant to subsection (a) and to reject or adopt magistrate judge reports and recommendations issued pursuant to subsection (b). But the matter at hand does not arise under subsection (a) or (b). It does not involve the designation of a particular issue to a magistrate judge. Thus, neither 28 U.S.C. § 636(b)(1) nor Civil Rule 72 or Local Rule 72.2 gives the Court the authority to review Magistrate Judge Rau's dismissal and discharge.

The magistrate judge's authority to conduct preliminary hearings arises under 28 U.S.C. § 636(a)(1), which states that magistrate judges have "all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts." Unlike § 636(b)(1), Civil Rule 72, and Local Rule 72.2, neither 28 U.S.C. § 636(a)(1) nor Criminal Rule 5.1 provide for any

review by the district court. This clear textual distinction between the rules leaves the Court doubting its authority to review Magistrate Judge Rau's decision.

## III. ADVISORY COMMITTEE NOTES

The Court's doubt is furthered by the Advisory Committee notes to Criminal Rule 5.1. Unlike the present-day Criminal Rule 5.1(f), the original 1944 version of the Rules did not expressly state that, upon dismissal by the magistrate judge, the government was not precluded from later prosecuting the defendant for the same offense. *See* Fed. R. Crim. P. 5 (1944).[1] Language to that effect was added during the 1972 Amendments. *See* Fed. R. Crim. P. 5.1(b) (1972) ("The discharge of the defendant shall not preclude the government from instituting a subsequent prosecution for the same offense.").[2] This addition appears to stem from the Advisory Committee's recognition that there was no other way for the government to challenge a magistrate judge's dismissal and discharge pursuant to this rule. The notes to the 1972 Amendments state:

> Subdivision (b) [the predecessor to present-day Criminal Rule 5.1(f)] also deals with the legal effect of a discharge of a defendant at a preliminary examination. This issue is not dealt with explicitly in the old rule. Existing federal case law is limited. What cases there are seem to support the right of the government to issue a new complaint and start over. *See e.g., Collins v. Loisel*, 262 U.S. 426 (1923); *Morse v. United States*, 267 U.S. 80 (1925). State law is similar. *See People v. Dillon*, 197 N.Y. 254, 90 N.E. 820 (1910); *Tell v. Wolke*, 21 Wis.2d 613, 124 N.W.2d 655 (1963).

---

[1] The 1944 Criminal Rules and Advisory Committee notes are available at: https://www.uscourts.gov/sites/default/files/fr_import/CR06-1944.pdf.

[2] The 1972 Criminal Rules and Advisory Committee notes are available at: https://www.uscourts.gov/sites/default/files/fr_import/CR03-1972.pdf.

Fed. R. Crim. P. 5.1 advisory committee's notes to 1972 amendment.

The Committee went on to discuss *Tell*:

> In the *Tell* case the Wisconsin court stated the common rationale for allowing the prosecutor to issue a new complaint and start over:
>
>> The state has no appeal from errors of law committed by a magistrate upon preliminary examination and the discharge on a preliminary would operate as an unchallengeable acquittal. . . . The only way an error of law committed on the preliminary examination prejudicial to the state may be challenged or corrected is by a preliminary examination on a second complaint. 21 Wis.2d at 619-620.

*Id.* Thus, the Advisory Committee explicitly contemplated the fact that the government could not challenge a magistrate judge's dismissal and discharge. Yet neither the 1972 Amendments nor any amendments since added an appeal provision. The only means by which the government could challenge a magistrate judge's dismissal and discharge was – and remains – filing a new complaint.

### IV. CASE LAW AND OTHER SUPPORT

The parties have not offered, and the Court cannot find, any federal cases in which a Criminal Rule 5.1(f) discharge order by a magistrate judge was reviewed by a district court judge. The cases provided by the United States are inapposite. In *United States v. Travia*, a district court reversed a magistrate judge's *sua sponte* dismissal of criminal complaints when defendants came before him to offer guilty pleas. 180 F. Supp. 2d 115, 116-17 (D.D.C. 2001). Likewise, *United States v. Florida*, 165 F. Supp. 328, 331 (E.D.

Ark. 1958), and *United States v, Meza-Perez*, No. 11-MJ-3020, 2011 WL 2516932 (C. D. Ill. June 23, 2011), are inapposite because they involve review of a **defendant's** appeal of a magistrate judge's decision to bind over the defendant under Criminal Rule 5.1(e) or its predecessor.

The Court acknowledges that it seems illogical and unfair that a defendant can appeal an adverse decision while the United States cannot. Indeed, it is true that there is no basis in 28 U.S.C. § 636(a)(1) or in Criminal Rule 5.1 for an appeal by defendant. Perhaps for this very reason, courts considering such appeals are reticent to do so and have noted that such review will only be conducted in extraordinary circumstances. *See, e.g., United States v. Vasallo*, 282 F. Supp. 928, 929 (E.D. Pa. 1968). Furthermore, as a practical matter, such appeals are rarely heard because they are "likely to be mooted by the return of an indictment." Wright & Miller, *Federal Practice and Procedure*, § 92 (4th ed.).

Much of the unfairness or illogicality of this reality is mitigated by the fact that the United States has other means of challenging a dismissal and discharge: it can seek another complaint or seek indictment by a grand jury. A defendant has no such alternatives. While the United States may suffer prejudice in some cases as a result of this reality, the prejudice is not so much greater than that a defendant may suffer in having appeals limited to extraordinary cases. Thus, while the Court recognizes some imbalance in this reality, the imbalance is not so great as to warrant the Court finding authority where none has been given.

The Court can find no statutory or other basis for its authority to consider an appeal of a magistrate judge's decision to dismiss a complaint and discharge a defendant pursuant

to Federal Rule of Criminal Procedure 5.1(f). While the Court express some level of doubt as to the correctness of Magistrate Judge Rau's ruling, the Court finds that the ruling is not reviewable on appeal. The fact that alternative remedies are available to the United States to rectify wrongful dismissal and discharge mitigates the Court's concern. As such, the Court must deny the United States' emergency motion for appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the United States' Emergency Motion to Appeal Dismissal of the Complaint [Docket No. 14] is **DENIED.**

DATED: March 1, 2019  
at Minneapolis, Minnesota.

\_\_\_\_\_s/John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court